IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILBERT SPENCER, JR., on behalf of himself, individually, and all others similarly situated | : :<br>: CIVIL ACTION<br>:<br>: NO. 16-2589 |
| v. | :<br>: |
| COMCAST CORPORATION, ET AL. | : |

**MEMORANDUM**

**SURRICK, J.**                                                                                         **FEBRUARY __17__, 2017**

Presently before the Court is Defendants' Motion to Dismiss Count VI of Plaintiff's Amended Complaint for failure to exhaust administrative remedies. (ECF No. 12.) For the following reasons, Defendants' Motion will be granted.

**I.      BACKGROUND**

Plaintiff's Amended Complaint alleges that Plaintiff is an African-American male who worked as a telecommunications operator for Defendants' Customer Service Center. (Am. Compl. ¶ 2, ECF No. 9.) Plaintiff alleges that he was subjected to racial discrimination during the course of his employment, which ultimately led to his termination. (*Id*. ¶¶ 32, 43, 57.)

**A.      Factual Background**

Plaintiff, Wilbert Spencer, Jr., worked for Defendants as a telecommunications operator from June 2004 until March 2015.[1] (*Id*. ¶¶ 2, 35.) Around the months of February and March 2015, Plaintiff received his 2015 Annual Review. (*Id*. ¶ 31.) Plaintiff's review stated that he needed improvement in the following areas: communication, motivation, interpersonal affect,

---

[1] Defendants include Comcast Corporation, Comcast Cable Communications Management, LLC, and Comcast Cablevision Communications, Inc.

and organizing his thoughts.  (*Id.*)  Plaintiff alleges that he also received a poor review for "cultural diversity" and for "discriminating on the basis of race."  (*Id.*)  On March 13 and 17, 2015, Plaintiff filed an internal complaint of racial discrimination in the workplace.  (*Id.* ¶ 32.)  On March 19, managers Aileen Thompson, Dori DiDonato, and Kerry Leonard scheduled a meeting with Plaintiff to discuss his complaints of racial discrimination.  (*Id.* ¶ 34.)  Eleven days later, on March 30, Plaintiff was discharged.  (*Id.* ¶ 35.)  Defendants' stated reason for discharging Plaintiff was that he hung up the phone on a customer.  (*Id.* ¶ 36.)

Following Plaintiff's discharge, the senior manager of Defendants' Human Relations Department "closed out" Plaintiff from seeking further employment with Defendants.  (*Id.* ¶ 37.)  On June 10, 2015, Defendants' employees altered Plaintiff's March 17 complaint of racial discrimination.  (*Id.* ¶ 39.)  Defendants' employees altered Plaintiff's complaint by deleting the words "Discrimination" and "Retaliation," and substituting the words "Unfair Treatment (Not Discrimination)."  (*Id.*)  That same day, the employees entered the Ethics Point database—the system whereby Plaintiff filed his internal racial discrimination complaint—and added the sentence:  "If you feel somehow punished for making this complaint, please report it immediately by making a new Comcast Listens report or emailing Report_Retaliation@comcast.com."  (*Id.* ¶ 40.)

Plaintiff alleges that every employee within Defendants' upper management is Caucasian.  (*Id.* ¶ 21.)  Plaintiff also alleges that all of the managers, directors, compliance analysts, and legal team members working within Defendants' Human Relations Department are Caucasian.  (*Id.* ¶ 23.)  Plaintiff maintains that he has witnessed other Caucasian employees deliberately hang up on customers on a regular basis.  (*Id.* ¶ 36.)  Specifically, Plaintiff alleges that he has seen his supervisor, a Caucasian female, hang up on a customer.  (*Id.*)

### B. Procedural History

On February 1, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). (Mot. to Dismiss Ex. A., ECF No. 12.) The Charge alleges that Plaintiff was discriminated against based on his race and skin color in violation of Title VII of the Civil Rights Act. (*Id.*) The Charge also states that the discrimination took place on April 8, 2015—the date that Plaintiff alleges that he was discharged. (*Id.*) On February 12, 2016, the EEOC issued a "Notice of Charge of Discrimination" and a "Dismissal and Notice of Rights." (*Id.*)

On May 4, 2016, Plaintiff filed a Complaint with the Court of Common Pleas in Philadelphia. (ECF No. 1.) On May 25, 2016, Defendants filed a Notice of Removal to this Court. (*Id.*) On June 1, 2016, Defendants filed a Motion to Strike the Complaint for failure to state a short and plain statement of the claims, pursuant to Federal Rule of Civil Procedure 8. (ECF No. 7.) On June 15, 2016, Plaintiff filed an Amended Complaint (ECF No. 9), and a Response in Opposition to the Motion to Strike. (ECF No. 10.) On July 7, 2016, we dismissed as moot Defendants' Motion to Strike. (ECF No. 14.)

Plaintiff's Amended Complaint asserts the following five claims of racial discrimination in violation of 42 U.S.C. § 1981: retaliation based on race (Count I); individual disparate treatment (Count II); systemic disparate treatment (Count III); failure-to-promote—individual disparate treatment (Count IV); and hostile work environment (Count V). Plaintiff's Amended Complaint also alleges that Defendants engaged in actions that had a systemic disparate impact upon African Americans, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count VI). On July 5, 2016, Defendants filed the instant Motion to Dismiss. (Mot. to Dismiss.) Defendants seek to dismiss only Plaintiff's systemic disparate impact claim (Count VI). On July

19, 2016, Plaintiff filed a Response in Opposition to Defendants' Motion, and also requested that this Court consider his response as a Cross-Motion to Certify as a Class Action. (Pl.'s Resp., ECF No. 15.) On August 5, 2016, Defendants filed a Reply Brief in Support of their Motion. (Defs.' Reply, ECF No. 16.) That same day, Defendants filed a Brief in Opposition to Plaintiff's Cross-Motion to Certify as a Class Action. (Defs.' Br. Opp., ECF No. 17.)[2]

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), "a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). When deciding a motion to dismiss, a district court must accept all well-pleaded facts, disregarding any legal conclusions alleged in the complaint. *Fowler*, 578 F.3d at 210-11.

---

[2] Plaintiff's request to certify the case as a class action will be addressed by a separate order.

Plaintiff requests that we convert the instant Motion into a motion for summary judgment.  Plaintiff makes this request because Defendants rely on Plaintiff's alleged failure to exhaust administrative remedies with the EEOC and because Plaintiff supplied this Court with a sworn Affidavit.  (Pl.'s Resp. 5 n.2.)  Generally, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  However, "a trial court has discretion to address evidence outside the complaint when ruling on a motion to dismiss."  *Pryor v. Nat'l Collegiate Athletic Ass'n.*, 288 F.3d 548, 559 (3d Cir. 2002) (citations omitted).

Even though we generally consider only the allegations contained within a complaint and the exhibits attached to it, courts "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  Courts have determined that it is permissible to review an EEOC charge when considering a motion to dismiss a claim for failure to exhaust administrative remedies.  *See, e.g.*, *Ruddy v. U.S. Postal Serv.*, 455 F. App'x 279, 283 (3d Cir. 2011) (holding that the district court "properly relied on [the plaintiff's] EEOC file . . . which is integral to his claim" when deciding the defendant's motion to dismiss); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (considering the plaintiff's formal EEOC charge in determining whether the plaintiff satisfied Title VII's statutory exhaustion requirement); *Twillie v. Erie Sch. Dist.*, No. 11-165, 2013 WL 4666072, at *5 n.3 (W.D. Pa. Aug. 30, 2013), *aff'd*, 575 F. App'x 28 (3d Cir. 2014) ("The Court may properly consider documents from administrative proceedings before the EEOC in considering a motion to dismiss federal claims of employment discrimination.").

Therefore, we are permitted to consider Plaintiff's Charge of Discrimination with the EEOC without converting the present Motion into a motion for summary judgment. Plaintiff also asks us to consider his affidavit as well as exhibits which are attached to his Response. As we will discuss below, the additional materials Plaintiff relies upon have no bearing on our decision. Therefore, we deny Plaintiff's request to convert Defendants' Motion to Dismiss into a motion for summary judgment.

### III.   DISCUSSION

Plaintiff's Amended Complaint alleges that Defendants have engaged in actions that "adversely affect and have a disparate impact upon" its African-American employees. (Am. Compl. ¶ 66.) Defendants argue that Plaintiff is barred from bringing a systemic disparate impact claim in this Court because Plaintiff has failed to exhaust his administrative remedies with the EEOC. Defendant alleges that Plaintiff did not raise any disparate impact claim or class-action allegations in his discrimination charge with the EEOC. Defendants argue that Plaintiff solely alleged a "discrete act of intentional discrimination." (Mot. to Dismiss 2.) Plaintiff argues that the allegations that he made to the EEOC "clearly put the EEOC on notice" that it needed to investigate allegations of disparate impact in addition to disparate treatment of African-Americans. (Pl.'s Resp. 4.)

Title VII states that it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). When a plaintiff brings an employment discrimination claim under Title VII, he must first exhaust his administrative remedies before filing a claim in district court. *Barzanty v. Verizon PA, Inc.*, 361 F. App'x 411, 413 (3d Cir.

6

2010).  A plaintiff must file a timely discrimination charge with the EEOC, and then must wait for the EEOC to complete its investigation and issue a right-to-sue letter before initiating an action with the court.  *Id.*  "The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court."  *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996).  Although the right-to-sue letter permits a plaintiff to file suit, "'the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'"  *Webb v. City of Phil.*, 562 F.3d 256, 263 (3d Cir. 2009) (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99 (3d Cir. 1976)).  A plaintiff will not be deemed to have made a claim with the EEOC if the plaintiff "provide[s] no facts that suggest" such a claim.  *Barzanty*, 361 F. App'x at 414.

Although a plaintiff will not be barred from asserting a claim in district court "for the mere failure to check a box on an EEOC Charge form" *id.*, the exhaustion requirement prevents a plaintiff from "greatly expand[ing] an investigation simply by alleging new and different facts" in district court, *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 967 (3d Cir. 1978).  The requirement also "allows an employer to be put on notice of the claims likely to be filed against it."  *Barzanty*, 361 F. App'x at 414.

Plaintiff argues that he put the EEOC on notice that it needed to investigate whether Defendants' employment practices had a disparate impact on African-Americans.  Plaintiff contends that although the four corners of the discrimination charge itself do not allege a disparate impact claim, the additional supporting documentation that he provided to the EEOC placed the EEOC on notice of the need for further investigation.

### A.     EEOC Charge of Discrimination

"[A] district court may assume jurisdiction over additional charges if they are reasonably within the scope of the claimant's original charges and if a reasonable investigation by the EEOC would have encompassed the new claims." *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir. 1984). A plaintiff will not be barred from bringing a claim in district court if the EEOC's investigation was "unreasonably narrow or improperly conducted." *Hicks*, 572 F.2d at 966. We must determine if Plaintiff's EEOC charges would reasonably lead the EEOC to investigate claims of systemic disparate impact.

Plaintiff's Charge of Discrimination indicates that he was discriminated against based on race and color. (Mot. to Dismiss Ex. A.) The Charge indicates that the date on which the discrimination took place was April 8, 2015. (*Id.*) With regard to "the particulars" of the claim, Plaintiff stated as follows:

> I. I was hired on June 7, 2004 at Respondent. At the time of my discharge I worked as a concierge. I am an African American male.
>
> II. On April 8, 2015 I was discharged by Respondent for hanging up on a customer, despite the fact that I reported the incident and it was a mistake. I have never committed this violation before. The Respondent stated that I had been on final written warning at the time. The other infractions that Respondent claims I committed include frequent lateness and frequent absenteeism. These claims are incorrect, as my absences should have been excused. Other white individuals and one African American employee with lighter skin were not punished for hanging up on people or frequent lateness or absenteeism. Madeleine Saint-Suler, a lighter-skinned African American employee with attendance issues was on final written warning but was not discharged despite frequent lateness. Mat LNU was disruptive (white), frequently hung up on customers, and acted in a belligerent manner on the floor. He was never fired. Additionally, my supervisor hung up on 2 people in the same month that I was discharged and she did not receive discipline.

(*Id.*) Defendants point to the fact that Plaintiff's charge only includes one alleged incident of intentional discrimination. Defendants argue that Plaintiff's charge does not request relief for

8

anyone other than Plaintiff himself, and also does not refer to any other similarly-situated African-American employees that were also subject to racial discrimination.

The Third Circuit addressed a similar issue in the case of *Ptasznik v. Univ. of Pennsylvania*, 523 F. App'x 156 (3d Cir. 2013). In *Ptasznik*, the plaintiff's EEOC charge of discrimination was limited solely to discrimination against the plaintiff himself, however his complaint with the court included allegations that the defendant's policies "had a disparate impact upon employees over the age of 40." *Id.* at 160-61. Citing to the district court's decision, the Third Circuit held that the plaintiff did not raise a disparate impact claim with the EEOC because his charge discussed [the defendant's] actions "only in so far as they affected [the plaintiff]." *Id.* at 161 (internal quotation marks omitted). The Third Circuit further noted that the plaintiff's EEOC charge made "no reference to allegations of other similarly-situated employees being harmed by facially-neutral laws." *Id.* (citations omitted).

Here, Plaintiff's charge does not make any reference to other African-American employees who have similarly been harmed by a facially-neutral policy. Rather, Plaintiff's charge solely encompasses the circumstances underlying his termination. In fact, the charge states that Defendants' discrimination took place only on one day, namely the day Plaintiff was terminated. Within the particulars of his charge, Plaintiff states that he was allegedly terminated for hanging up on a customer. Plaintiff subsequently notes that he has seen Caucasian employees hang up on customers without repercussions. While Plaintiff does mention a lighter-skinned African American employee within his charge, it is only to note that that the lighter-skinned African-American was *not* discharged for frequent lateness or for hanging up on customers.

9

Plaintiff's allegations raise a claim that he was discharged because of his race and color. They do not raise a claim of disparate impact. Since Plaintiff did not make any mention of other similarly-situated employees within his charge with the EEOC, nor did he make reference to any facially-neutral policy, we cannot find that Plaintiff alleged a systemic disparate impact claim. Further, we cannot find that a disparate impact claim can "reasonably be expected to grow" out of Plaintiff's individual claim of intentional discrimination. *See Ptasznik*, 523 F. App'x at 160-161. Accordingly, we are compelled to conclude that Plaintiff has not exhausted his administrative remedies with respect to his claim of systemic disparate impact in Count VI.

### B. Additional Documents Submitted to EEOC

#### 1. *Intake Questionnaire*

Plaintiff refers this Court to the Intake Questionnaire he submitted to the EEOC as support that he alleged a systemic disparate impact claim. Plaintiff alleges that the Intake Questionnaire "repeatedly used plural language" to describe other African Americans' experiences with racial discrimination, and that therefore the EEOC was "on notice" of the need to investigate this claim. (Pl.'s Resp. 18.) As support, Plaintiff argues that he alleged the following within the Intake Questionnaire: that "there were more African Americans terminated for questionable reasons;" that he refers to "the employees;" and that he stated "we are in a call center environment." (*Id*.) Based on this language, Plaintiff contends that he put the EEOC on notice of the need to explore Plaintiff's systemic disparate impact claim. Defendants argue that Plaintiff cannot use the Intake Questionnaire to satisfy the exhaustion requirement because it is a document that is filled out prior to the EEOC's charge and it is not provided to the employer.

An Intake Questionnaire may only be used to satisfy the exhaustion requirement if it is verified. *See Urban v. Bayer Corp. Pharm. Div.*, 245 F. App'x 211, 213 (3d Cir. 2007) ("[The

Intake Questionnaire] was not, as required under Title VII, verified, and accordingly, did not cause the EEOC to initiate its investigation. It therefore does not constitute a 'charge' for the purposes of the 300-day limitations period." (citations omitted)). A charge with the EEOC will be deemed verified if it is "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgements, or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3(a). The Third Circuit has held that a document that was not signed "under penalty of perjury" does not satisfy the statute's verification requirement. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 261 (3d Cir. 2006). Here, Plaintiff did not sign the Intake Questionnaire under penalty of perjury. Since the Intake Questionnaire is not verified, we cannot consider the document in determining whether Plaintiff satisfied his administrative requirement of filing a "charge" with the EEOC. 42 U.S.C. § 2000e-5(b).

The Third Circuit has specifically ruled that a plaintiff cannot refer to an unverified EEOC Intake Questionnaire as support that the plaintiff exhausted his administrative remedies. *Barzanty*, 361 F. App'x at 415. The court explained the difference between an EEOC Charge Form and an Intake Questionnaire, highlighting that the two documents serve very different purposes. *Id*. The court noted that an EEOC Charge Form "define[s] the scope of the [EEOC's] investigation" and notifies the defendant of the charges. *Id*. The Intake Questionnaire, however, is not shared with the defendant. *Id*. "A plaintiff cannot . . . transfer the allegations mentioned only in the questionnaire to the charge itself" because doing so would "circumvent[] the role of the Commission" and "would be prejudicial to the employer." *Id*.; *see also Park v. Howard Univ.*, 71 F.3d 904, 909 (D.C. Cir. 1995) ("'To treat Intake Questionnaires willy-nilly as charges would be to dispense with the requirement of notification of the prospective defendant, since that

11

is a requirement only of the charge and not of the questionnaire.'" (quoting *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 80 (7th Cir. 1992)))). Therefore, we reject any reference that Plaintiff makes to the Intake Questionnaire form as support that Plaintiff exhausted his administrative remedies with the EEOC.

### 2.     Other Documentation

Plaintiff also refers this Court to the additional supporting documentation that he submitted to the EEOC. The additional information Plaintiff refers to includes the following: supplemental information Plaintiff gave to the EEOC (Pl.'s Resp. Ex. 2); the "Performance Management" document Plaintiff received from his supervisor (Pl.'s Resp. Ex. 3); and a Brief Plaintiff wrote to Defendant Comcast in 2006 (Pl.'s Resp. Ex. 4). As proof that courts are permitted to look beyond an employee's EEOC charge and consider this additional documentation, Plaintiff cites to the Third Circuit's decision in *Ptasznik*. Plaintiff argues that the court "specifically looked beyond the plaintiff-employee's EEOC charge, at a 'Statement of Particulars that [the plaintiff] submitted to the EEOC as part of his Charge of Discrimination.'" (Pl.'s Resp. 13.) We agree that courts may look at a plaintiff's Statement of Particulars located within the Charge of Discrimination, which we have already analyzed in our discussion. However, we note that the Statement of Particulars is very different from the additional documentation Plaintiff seeks to rely upon. The Statement of Particulars is located *within* the Plaintiff's Charge of Discrimination document (*see* Mot. to Dismiss Ex. A), while the additional documentation that Plaintiff relies upon is not related to his Charge with the EEOC. Plaintiff's argument that we are required to consider this additional documentation is misguided.

We will not consider the additional documentation for the same reasons that we will not consider Plaintiff's Intake Questionnaire. Courts have held that documentation submitted to the

12

EEOC will not constitute an EEOC charge unless it is signed under oath.  *See Hodges v. Nw. Airlines, Inc.*, 990 F.2d 1030, 1032 (8th Cir. 1993) (holding that the plaintiff's intake questionnaire "did not constitute a valid charge under Title VII" because it was "not taken under oath"); *Equal Emp't. Opportunity Comm'n v. Appalachian Power Co.*, 568 F.2d 354, 355 (4th Cir. 1978) ("[S]ince the underlying 'charge' by the EEOC was not under 'oath or affirmation,' then it was not a valid charge.").  None of the additional documents that Plaintiff relies upon were signed under oath.

       In addition, we cannot consider the supplemental, hand-written information Plaintiff gave to the EEOC because it would be prejudicial to Defendants.  (Pl.'s Resp. Ex. 2.)  As with the Intake Questionnaire, the supplemental information was not provided to Defendants.  For the same reasons that the Third Circuit set forth in *Barzanty*—that permitting consideration of such documents would be prejudicial to the defendant and would usurp the role of the EEOC—we cannot permit the supplemental information to inform the scope of the EEOC charge.  361 F. App'x at 415.  Also, we note that the Brief that Plaintiff submitted to Defendants in June 2006 does not make any reference to other African-Americans who were similarly discriminated against due to Defendants' neutral policies.  (Pl.'s Resp. Ex. 4.)

       Therefore, we cannot consider the additional documentation Plaintiff relies upon to establish that he exhausted his administrative remedies with the EEOC.  Accordingly, because Plaintiff did not allege a claim of systemic disparate impact in his charge with the EEOC, Count VI must be dismissed.

## IV.	CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Count VI of Plaintiff's Complaint will be granted.

An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**
